IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| DONNA L. BARRINGER, ) | |
| ) | No. 5:12-cv-03531-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that this court reverse Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB") and remand the case to the Commissioner for further administrative action. The Commissioner filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, reverses the Commissioner's decision, and remands the case for further administrative proceedings.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Plaintiff Donna L. Barringer ("Barringer") filed an application for DIB on January 14, 2009, alleging disability beginning on March 14, 2008.[2] The Social Security Agency

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

[2] Barringer originally alleged an onset date of January 1, 2006, but amended the date to March 14, 2008 at her hearing.

1

denied Barringer's claim initially and on reconsideration. Barringer requested a hearing before an administrative law judge ("ALJ"), and ALJ William F. Pope held a hearing on April 11, 2011. The ALJ issued a decision on May 11, 2011, finding Barringer not disabled under the Social Security Act. Barringer requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On December 14, 2012, Barringer filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on February 6, 2014, recommending that this court reverse the ALJ's decision and remand the case to the Commissioner for further administrative proceedings. The Commissioner filed objections to the R&R on February 24, 2014. The matter is now ripe for the court's review.

### B.     Medical History

Barringer was born on May 7, 1956 and was 52 years old at the time she filed for DIB. She has a high school education. Tr. 82. Because Barringer's medical history is not directly at issue here, the court dispenses with a recitation of those facts and adopts the extensive medical history laid out by the magistrate judge. R&R 2-3, 9-14.

### D.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Barringer was disabled from March 14, 2008 through May 11, 2011. The ALJ first determined that Barringer did not engage in substantial gainful activity during the period at issue. Tr. 13. At the second step, the ALJ found that since October 16, 2008, Barringer suffered from the following severe impairments: low back pain, cardiovascular problems, and neck pain. Id. At step three, the ALJ determined that

Barringer's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments. Id.; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined Barringer had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. §404.1567(b), with several limitations. Tr. 14. Specifically, the ALJ found that Barringer required the option to sit or stand at her workstation every 30 to 45 minutes. Id. Additionally, the ALJ found that Barringer could lift and carry twenty pounds occasionally and ten pounds frequently; occasionally stoop, twist, crouch, kneel, crawl, and climb; and required a work environment reasonably free from extremes of temperature and humidity. Id. The ALJ found, at step four, that Barringer was capable of performing past relevant work as an office clerk, and therefore concluded that she was not disabled prior to January 28, 2010. Tr. 17.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907

F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

## III.   DISCUSSION

The Commissioner objects to the R&R on two grounds: (1) the magistrate judge erred in finding that the ALJ improperly discounted the opinion of Dr. Shuler, one of Barringer's treating physicians; and (2) the magistrate judge improperly recommended remand for further consideration of Barringer's credibility.[3] Because the Commissioner's first objection fails, and since the case will be remanded for further administrative proceedings, the court need not consider the Commissioner's second objection.

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded

---

[3] The magistrate judge did not recommend remanding on the grounds that the credibility evaluation was improper, but rather instructed the ALJ to further consider Barringer's arguments regarding credibility on remand. R&R 19-20.

4

significantly less weight." Craig, 76 F.3d at 590. In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors: (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(c); see SSR 96–2p; Hines, 453 F.3d at 563. However, the Fourth Circuit has not mandated an express discussion of each factor and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010); see also § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

The ALJ is also obligated to explain his findings and conclusions on all material issues of fact, law, or discretion presented. 5 U.S.C. § 557(c)(3)(A) (2012). "Strict

adherence to this statutorily-imposed obligation is critical to the appellate review process," and courts have remanded cases where the reasoning for the ALJ's conclusion "is lacking and therefore presents inadequate information to accommodate a thorough review." See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (internal citation omitted). "Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record." Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977).

On March 21, 2011, Dr. Vann Beth M. Shuler[4], Barringer's treating physician since at least January 2001, Tr. 229, provided an opinion regarding Barringer's RFC. Tr. 518-520. Dr. Shuler opined that Barringer could: occasionally or frequently lift no more than ten pounds; stand for five minutes at a time before changing position and not for more than two hours in an eight-hour work day; walk for fifteen minutes at a time and not for more than two hours in an eight-hour work day; sit for fifteen minutes at a time before changing position and not for more than three hours in an eight-hour work day; occasionally stoop and climb stairs; and never twist, crouch, or climb ladders. Id. Dr. Shuler also opined that Barringer would need to lie down at unpredictable intervals during a work shift. Tr. 520. Dr. Shuler also found that Barringer should avoid exposure to extremes of temperature, humidity, and hazards. Tr. 519.

---

[4] The court's independent research indicates that Dr. Shuler may be a female. However, because the ALJ and magistrate judge both refer to Dr. Shuler with masculine pronouns, this court will do the same for the sake of consistency.

The ALJ gave "little weight" to Dr. Shuler's opinion. Tr. 17. The ALJ's entire explanation for his decision consisted entirely of the following: "Dr. Shuler's opinion is not supported by the evidence or by his own findings." Id. The ALJ did note Dr. Shuler's opinion when evaluating Barringer's credibility, Tr. 16, and the Commissioner argues that the ALJ cited Dr. Shuler's opinion and then proceeded to "list[] various inconsistencies." Def.'s Objections 2. However, the alleged inconsistencies cited by the Commissioner were determined by the ALJ to be inconsistent <u>not</u> with Dr. Shuler's opinion, <u>but with</u> Barringer's statements concerning the intensity, persistence, and limiting effects of her symptoms. Tr. 16. Because the ALJ did not analyze the evidence in the context of evaluating Dr. Shuler's opinion, he failed to explain how Dr. Shuler's opinion was "not supported by the evidence." Tr. 17. Additionally, the ALJ has failed to explain which of Dr. Shuler's treatment records were inconsistent with his opinion. Id. In sum, the ALJ has failed to sufficiently explain the weight given to Dr. Shuler's opinion, and the court can therefore not conclude whether that the ALJ's determination is supported by substantial evidence. <u>See</u> <u>Cook v. Heckler</u>, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that failure by the ALJ to explain a decision makes it "simply impossible to tell whether there was substantial evidence to support the determination"). Because the ALJ did not give "good reasons" for the weight given to Dr. Shuler's opinion, the case must be remanded to the Commissioner for further administrative proceedings.

When reviewing the case on remand, the ALJ should further consider Barringer's allegations of error regarding the evaluation of her credibility.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, **VACATES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**AND IT IS SO ORDERED**.

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**February 27, 2014**
**Charleston, South Carolina**