**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| DONNA L. BARRINGER,           ) | |
| ) | No. 5:12-cv-3531-DCN |
| Plaintiff,     ) | |
| ) | |
| vs.                                  ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting*     ) | |
| *Commissioner of Social Security*,   ) | |
| ) | |
| Defendant.     ) | |
| ) | |

This matter is before the court on a motion for attorney's fees filed by claimant Donna L. Barringer ("Barringer") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Barringer requests $5,774.54 in attorney's fees plus $350.00 in costs on the ground that she is a prevailing party under the EAJA. See Pl.'s Resp. 6. The Commissioner argues against the awarding of such fees and costs, asserting that her position was substantially justified.

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the administrative law judge ("ALJ") pursuant to 42 U.S.C. § 405(g), Barringer is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis"

1

but an examination of the "totality of circumstances." <u>Roanoke River Basin Ass'n v. Hudson</u>, 991 F.2d 132, 139 (4th Cir. 1993); <u>see</u> <u>also</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." <u>Thompson v. Sullivan</u>, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "The governments non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." <u>Crawford v. Sullivan</u>, 935 F.2d 655, 658 (4th Cir. 1991); <u>see also</u> <u>Adams v. Barnhart</u>, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. <u>Crawford</u>, 935 F.2d at 656.

On February 27, 2014, the court adopted the magistrate judge's report and recommendation ("R&R") and remanded this case for further administrative proceedings. Order at 7, Feb. 27, 2014. The court found that the ALJ discounted the opinion of Barringer's long-time treating physician, Dr. Vann Beth Shuler, without sufficient explanation. <u>Id.</u> Under the applicable regulations, when an ALJ decides to give a treating physician's opinion less than controlling weight, he or she "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating [physician's] medical opinion and the reasons for that weight." SSR 96-2p; <u>see</u>

also 20 C.F.R. § 404.1527(c)(2); Rivers v. Astrue, No. 4:11-cv-01386, 2012 WL 2590498, at *5 (D.S.C. July 5, 2012) (holding that the ALJ "must explain why a treating physician's opinion is discounted or rejected"); Avant v. Astrue, No. 4:11-cv-822, 2012 WL 1952657, at *5 (D.S.C. May 9, 2012) (finding that the ALJ "did not comply with the proper analysis under SSR 96-2p by explaining what weight he was giving [the treating physician's] opinions and specifying what contradictory evidence on which he was relying."); Hilton v. Astrue, No. 6:10-cv-2012, 2011 WL 5869704, at *3 (D.S.C. Nov. 21, 2011) (finding the ALJ's "conclusory reason" that the treating physician's opinion "is against the weight of the record as a whole" insufficient to satisfy SSR 96-2p).

  Here, the ALJ's explanation for his decision consisted entirely of the following: "Dr. Shuler's opinion is not supported by the evidence or by his[1] own findings." Tr. 17. The Commissioner argues that a "reasonable person" could find the government's position was substantially justified despite a finding "that the ALJ had not given good reasons for discounting Dr. Shuler's opinion." Def.'s Resp. 3-5. The court disagrees. As in Hilton, the ALJ's reasoning is entirely "conclusory." 2011 WL 5869704, at *3. Because the ALJ failed to adequately explain the reasoning for significantly discounting Dr. Shuler's opinion, the position of the Commissioner could not be substantially justified. Furthermore, defendant's reliance on Mortensen v. Astrue, 428 F. App'x 248 (4th Cir. 2011), is unfounded. The Fourth Circuit in Mortensen held that a commissioner's decision to discount a treating physician's opinion may be substantially justified where there are "small, but potentially meaningful inconsistencies in the medical record." Id. at 252. Although inconsistencies in the record may exist here, the ALJ here

---

[1] As noted in the court's earlier order, independent research indicates that Dr. Shuler may be a woman.

completely failed to explain how the inconsistencies affected the weight given to Dr. Shuler's opinion.

For these reasons, the court finds that the Commissioner has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Therefore, the court **GRANTS** Barringer's motion and awards fees in the amount of $5,774.54, plus $350.00 in costs.[2]

**AND IT IS SO ORDERED**.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 5, 2014**
**Charleston, South Carolina**

---

[2] Barringer seeks an award of $5,774.54 based on 30.75 attorney work hours at a rate of $187.79 per hour. See Pl.'s Resp. 6. This rate is based on the statutory rate plus a cost of living increase pursuant to the Consumer Price Index. Id. The Fourth Circuit has noted that the CPI is an appropriate tool to utilize in calculating a cost of living rate adjustment to a statutory fee. See generally Sullivan v. Sullivan, 958 F.2d 574 (4th Cir. 1992). Defendant does not object to the amount requested by plaintiff. Accordingly, the court finds the amount requested is reasonable. Although Barringer has executed an affidavit that assigns her fee award to her attorney, the EAJA requires attorney's fees to be awarded directly to the litigant. Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010) ("EAJA fees are payable to litigants"); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) ("[T]he plain language of the EAJA provides that attorney's fees are payable to the prevailing party-in this case the Social Security claimants-and not the attorney."). This court has held that EAJA fees are payable to a plaintiff even where she has attached an affidavit assigning her rights in the fee award to counsel. See, e.g.,Whites v. Astrue, No. 8:10-cv-3302, 2012 WL 5867149, at *2 n.1 (D.S.C. Nov. 19, 2012). The court therefore grants attorney's fees to Barringer, not her attorney, in the amount of $5,774.54.